■ YANINA SOROKA et al., Respondents, v BUDGET RENT-A-CAR CORPORATION, Appellant, et al., Defendants. (And a Third-

Party Action.) [646 NYS2d 626] —In an action to recover damages for personal injuries, the defendant Budget Rent-A-Car Corporation appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated June 9, 1995, denying its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the defendant Budget Rent-A-Car Corporation, and the action as against the remaining defendant is severed.

The plaintiffs, passengers in a vehicle rented from the defendant Budget Rent-A-Car of Puerto Plata, Dominican Republic, were injured when their vehicle overturned when driven around a curve on a road full of potholes. The plaintiffs claim that the defendant, Budget Rent-A-Car Corporation (hereinafter Budget), as the licensor of the Budget Rent-A-Car tradename and trademark, is liable for negligently purchasing, maintaining, and advertising the defective vehicle.

The proponent of a summary judgment motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Once the movant has demonstrated a prima facie showing of entitlement to judgment, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvarez v Prospect Hosp., supra*).

Upon review of the record, we find that Budget has demonstrated its entitlement to judgment in its favor as a matter of law (*see,* CPLR 3212 [b]; *Zuckerman v City of New York, supra,* at 562). In opposing Budget's motion plaintiffs failed to submit competent proof to raise a triable issue of fact as to whether the accident was caused by a defect in the vehicle. Under the circumstances, summary judgment should have been granted to Budget.

In light of our determination, we need not reach Budget's remaining contentions. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.