■ MAURICIO VALLEJO, an Infant, by His Mother and Natural Guardian, SONIA B. VALLEJO, et al., Respondents, v YORKSHIRE APARTMENTS, INC., et al., Appellants, and CITY OF NEW YORK, Respondent. [654 NYS2d 596] —In a negligence action to recover damages for personal injuries, etc., the defendants Yorkshire Apartments, Inc., and Carow Management Corp. appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated July 5, 1996, which denied their motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the appellants' motion for summary judgment is granted, the complaint and any cross claims are dismissed insofar as asserted against them, and the action is severed as to the remaining defendant.

The plaintiffs alleged that the infant plaintiff tripped and fell as a result of a missing piece of sidewalk curb in front of the appellants' building and then cut his wrist on a glass table top which was also present on the sidewalk in front of the building.

The law is well established that an abutting landowner will not be liable to a pedestrian passing by on a public sidewalk, unless, insofar as is relevant here, the landowner created the defective condition or caused the defect to occur because of some special use *(see, Surowiec v City of New York,* 139 AD2d 727).

The evidence submitted by the respondents failed to raise a triable issue of fact *(see,* CPLR 3212 [b]) as to whether the ap-

pellants created the defective condition at the curb or caused the defect by some special use.

The respondents have likewise failed to raise a triable issue of fact *(see,* CPLR 3212 [b])* as to whether the appellants placed the glass table top on the sidewalk. Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.