■ LILLIAN EIDELMAN, Appellant, v WILLIAM A. HOCHAUSER et al., Respondents. [662 NYS2d 559] —In an action to recover damages for personal injuries, the plaintiff appeals from a

judgment of the Supreme Court, Kings County (Held, J.), dated November 13, 1996, which, upon the granting of the defendants' respective motions pursuant to CPLR 4401 for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff's argument that the maintenance by the abutting landowners (hereinafter the market defendants) of fruit and vegetable bins near the door to their grocery store constituted a special use of the public pavement was not developed in her pleadings or at trial, but was first raised by counsel in opposition to these defendants' motion for judgment as a matter of law. Accordingly, the plaintiff's contention on appeal that the market defendants' special use of the public sidewalk defined her path and directed her to the sidewalk crack on which she fell is unpreserved for appellate review (*see, e.g., Serviss v Long Is. Light. Co.,* 226 AD2d 442; *Figueroa v New York City Tr. Auth.,* 213 AD2d 586). To the extent that her theory at trial was that the market defendants had a duty to maintain the public sidewalk adjoining their property, her action against the market defendants was properly dismissed. It is well established that no such duty exists where, as here, the plaintiff has failed to show that the market defendants created the defective condition, that they caused the defect to occur because of some special use, that they altered the construction of the sidewalk for their special benefit, or that a statute cast a duty upon them to maintain and repair the sidewalk and imposed liability for injuries resulting from the breach of that duty (*see, e.g., Hausser v Giunta,* 88 NY2d 449, 453; *Darringer v Furtsch,* 225 AD2d 577).

In addition, the most current "Big Apple Pothole & Sidewalk Protection Corp." map of the subject location, which had been filed with the City of New York approximately six months before the plaintiff's accident, indicated that the area at issue was "OK", i.e., free of defects. Accordingly, as the City had no prior written notice of the pavement defect complained of, the action as against it was properly dismissed (*see, Katz v City of New York,* 87 NY2d 241; *see also, Sagevick v Sanchez,* 228 AD2d 488; Administrative Code of City of NY § 7-201 [c] [2]). Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.