■ LILY WU, Respondent, v MAX LANDAU et al., Appellants, et al., Defendant. [694 NYS2d 381] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered January 14, 1998, which denied the Landau defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against those defendants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

A landowner owes no duty to the public to maintain an abutting sidewalk in a safe condition unless said owner has used the sidewalk for a special purpose or created an unsafe condition (*Xerri v Cooper Union for Advancement of Science & Art*, 255 AD2d 165). Where injury to a pedestrian can be traced to debris overflowing from a sanitation receptacle, this is generally the responsibility of the municipality (*Montalvo v Western Estates*, 240 AD2d 45). Even if the owners of the building adjacent to the sidewalk did notify the Sanitation Department of a recurring problem due to inadequacy of the receptacle, this would not create a liability on their part where none exists as a matter of law. Concur—Nardelli, J. P., Williams, Tom, Wallach and Andrias, JJ.