■ TATYANA SVERDLIN et al., Appellants, v STUART GRUBER et al., Respondents. [735 NYS2d 166] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Pincus, J.), dated September 13, 2000, as granted that branch of the cross motion of the defendant Kings Highway District Management Association, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and failed to decide their cross motion pursuant to CPLR 3126 to strike the defendants' answers, and (2) from an order of the same court dated September 27, 2000, which granted that branch of the cross motion of the defendants Stuart Gruber, Carolyn Gruber, and C.S.G. Associates which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that so much of the appeal from the order dated

September 13, 2000, as seeks review of the Supreme Court's failure to decide the plaintiffs' cross motion is dismissed, as that cross motion remains pending and undecided (*see, Katz v Katz,* 68 AD2d 536); and it is further,

Ordered that the order dated September 13, 2000, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated September 27, 2000, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff Tatyana Sverdlin tripped over an elevated sidewalk panel adjacent to a tree, sustaining injuries. The elevation was caused by the roots of the tree. The injured plaintiff and her husband commenced this action against the owners of the abutting property, Stuart Gruber, Carolyn Gruber, and C.S.G. Associates (hereinafter the Gruber defendants); the tenants leasing the abutting property, Kings Highway Convertibles, Jennifer Warehousing, Jennifer Leather-Kings Highway, Inc., and Jennifer Convertibles, Inc. (hereinafter the Jennifer defendants); and the business improvement district corporation, Kings Highway District Management Association, Inc. (hereinafter the DMA). In the orders appealed from, the Supreme Court, *inter alia,* awarded summary judgment dismissing the complaint insofar as asserted against the Gruber defendants and the DMA, and failed to determine the plaintiffs' cross motion to strike the defendants' answers. The plaintiffs appeal.

Generally, the municipality and not the abutting landowner is responsible for maintaining a sidewalk in repair unless it is shown that the sidewalk was constructed in a special manner for the benefit of the abutting landowner, that the abutting landowner affirmatively caused the defect, or negligently constructed or repaired the sidewalk, or where a statute, ordinance, or municipal charter specifically charges an abutting landowner with a duty to maintain and repair the public sidewalk and provides that a breach of that duty will result in liability (*see, Stewart v Waterford,* 152 AD2d 837). The Gruber defendants established that they did not create the condition through their use of the sidewalk or through negligent repair, and that they did not make a special use of the sidewalk. In opposition, the plaintiffs failed to raise any triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557).

The DMA established a prima facie case for summary judgment that it cannot be held liable to the plaintiffs in tort. In opposition, the plaintiffs failed to raise a triable issue of fact.

Any obligations the DMA may have had with respect to maintenance in the area of the accident, including the sidewalks, were not extensive, nor exclusive, but supplemental. The DMA did not exercise exclusive management or control over the sidewalk where the accident took place and accordingly, the DMA cannot be held liable in tort to a third party under its contractual obligations (*see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579).

Since the Supreme Court did not determine the plaintiffs' cross motion to strike the defendants' answers, that cross motion remains pending and undecided and the plaintiffs' claims with respect thereto are not properly before this Court (*see, Gribbin v Kearns,* 260 AD2d 601; *Katz v Katz, supra*).

The plaintiffs' remaining contentions are without merit. Friedmann, J. P., Smith, Adams and Townes, JJ., concur.