■ PETER DEVINE, Respondent, v CITY OF NEW YORK, Defendant, and CERTIFIED GLASS CORP. et al., Appellants. [751 NYS2d 605] —In an action to recover damages for personal injuries, the defendants Certified Glass Corp. and Carl Gambino appeal from an order of the Supreme Court, Queens County (Flug, J.), dated October 12, 2001, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff Peter Devine allegedly fell after stepping into a hole in a sidewalk located next to a store co-owned by the appellants, Certified Glass Corp. and Carl Gambino. He commenced this action against the City of New York, Certified Glass Corp., and Gambino. The appellants moved for summary judgment dismissing the complaint insofar as asserted against

them, claiming, inter alia, that they could not be held liable for the plaintiff's injuries because they did not create the condition that caused the plaintiff to fall, never voluntarily repaired the sidewalk, and made no special use of it. The Supreme Court denied the motion. We reverse.

A landowner is not liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner (1) created the defective condition, (2) voluntarily but negligently made repairs, (3) created the defect through special use, or (4) violated a statute or ordinance which expressly imposes liability on the abutting landowner for failure to maintain and repair the sidewalk (*see Sverdlin v Gruber,* 289 AD2d 475, 476; *Loforese v Cadillac Fairview Shopping Ctrs., U.S.,* 235 AD2d 399).

The appellants met their initial burden of establishing their entitlement to judgment as a matter of law with deposition testimony and photographic evidence indicating that they did not create the defective condition that allegedly caused the plaintiff's fall, never repaired the sidewalk he fell on, and made no special use of the sidewalk. Therefore, the burden was on the plaintiff to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Soroka v Budget Rent-A-Car Corp.,* 230 AD2d 782). The plaintiff failed to meet that burden.

The plaintiff claims that the appellants made a special use of the sidewalk in question by virtue of an adjacent step leading to the entrance of their store. A step facilitating entry to a landowner's store does not constitute a special use where that step does not protrude past the building's boundary into a public sidewalk (*see Giammarino v Angelo's Royal Pastry Shop,* 168 AD2d 423, 424; *see also Granville v City of New York,* 211 AD2d 195). Here the photographs submitted by the parties clearly indicate that the step in question does not extend past the building line of the appellants' store. Under these circumstances, the appellants cannot be held liable based on the special use doctrine. Moreover, contrary to the plaintiff's assertion, the appellants cannot be held liable for failing to maintain the sidewalk because they were not required to do so in the absence of a statute or ordinance explicitly imposing that burden (*see Sverdlin v Gruber, supra*).

In light of the foregoing determination, we do not reach the appellants' remaining contentions. Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.