■ Ollie Yee, Appellant, v Chang Xin Food Market, Inc., et al., Respondents, et al., Defendant. [755 NYS2d 262] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 13, 2001, as granted those branches of the motion of the defendant Chang Xin Food Market, Inc., and the cross motion of the defendant Kwong Ming Realty Corp., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained after he tripped and fell while pushing a shopping cart along an allegedly defective sidewalk abutting the premises located at 167-23 Union Turnpike in Queens. The premises had been leased by the defendant Chang Xin Food Market, Inc. (hereinafter Chang) from the defendant Kwong Ming Realty Corp. (hereinafter Kwong).

Absent a statutory duty, the owner or occupier of land abutting a public sidewalk does not owe a duty to the public, solely arising from the location of the premises, to maintain the sidewalk in a safe condition (*see Nuesi v City of New York,* 205 AD2d 370, 371 [1994]; *Friedman v Gearrity,* 33 AD2d 1044 [1970]). Rather, liability arises only if the abutting owner or lessee created the defect or used the sidewalk for a special purpose (*see Wu v Landau,* 264 AD2d 571 [1999]). "Special use cases usually involve the installation of some object in the sidewalk or street or some variance in the construction thereof" (*Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 298 [1988]), such as an appurtenance installed for the benefit of the owner or lessee at its request (*see Tyree v Seneca Ctr.-Home Attendant Program,* 260 AD2d 297 [1999]).

Here, Chang's act of supplying its customers with shopping carts to transport their packages from its store along the sidewalk to the parking lot at the rear of the store does not constitute a special use of the property. Assuming, arguendo, that it does constitute a special use of the sidewalk, the plaintiff failed to set forth evidence to establish that the special use created the alleged defect that caused his injuries (*see Benenati v City of New York,* 282 AD2d 418, 419 [2001]). Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.