■ BERTHA RICHTER, Respondent, v DUANE READE et al., Appellants. [757 NYS2d 16] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about April 1, 2002, which denied defendant Duane Reade's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Duane Reade dismissing the complaint as against it.

Plaintiff, a woman 92 years of age, sustained personal injuries when she tripped and fell on a white metal object on the public sidewalk in front of defendant Duane Reade's store at 2111 White Plains Road in the Bronx. At her deposition, plaintiff testified that after she fell a woman handed her a white metal object that was either round or square and could fit in her hand. Plaintiff indicated that she felt something under her shoe prior to her fall and that the metal object was near her left shoe before the woman picked it up. According to plaintiff there was other debris, including advertisements, on the sidewalk near her but conceded that nothing other than the white object caused or contributed to her fall.

In her complaint and bill of particulars, plaintiff alleges that Duane Reade had actual or constructive notice of the dangerous, defective and unsafe condition of the sidewalk that caused the accident. After joinder of issue, Duane Reade moved for summary judgment dismissing the complaint, arguing that it had no duty to maintain the public sidewalk and that plaintiff failed to prove that it created the condition or had notice of the condition that caused her to fall. Supreme Court denied the motion, finding an issue of fact as to notice. We reverse.

As a general rule, landowners do not have a duty to keep public sidewalks abutting their property in a safe condition and cannot be held liable for injuries sustained by a pedestrian on the sidewalk solely by virtue of their ownership of the abutting property (*see Muniz v Bacchus*, 282 AD2d 387, 388 [2001]). "In order to hold an abutting owner or lessee liable for a pedestrian's injuries incurred on a public sidewalk, the defendant must be shown to have actually created the dangerous condition or to exercise a special use of the sidewalk [citations omitted]" (*Morgan v Department of Sanitation of City of*

*N.Y.*, 250 AD2d 525, 525 [1998]). Here, plaintiff has shown neither and dismissal of the complaint is mandated. Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.