■ ROSARIO ROMERO, Respondent, v CITY OF NEW YORK, Respondent, and RONG CHEN MO et al., Appellants. [774 NYS2d 735]—

In an action to recover damages for personal injuries, the defendants Rong Chen Mo and Cui Juan He appeal from an order of the Supreme Court, Queens County (Flug, J.), dated June 16, 2003, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff tripped and fell on a sidewalk abutting the property of the appellants, Rong Chen Mo and Cui Juan He. An abutting landowner will not be held liable to a pedestrian passing by on a public sidewalk unless the landowner created the defective condition or caused the defect to occur because of some special use (*see Kaufman v Silver,* 90 NY2d 204 [1997]; *Dos Santos v Peixoto,* 293 AD2d 566 [2002]; *Gaynor v City of New York,* 259 AD2d 733 [1999]).

Here, the appellants established their entitlement to judgment as a matter of law by demonstrating that they neither created the alleged defective condition nor caused the defect to occur because of some special use (*see Ivanyushkina v City of New York,* 300 AD2d 544 [2002]; *Winberry v City of New York,* 257 AD2d 618 [1999]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the defect was caused by the appellants' special use of the sidewalk as a driveway (*see Ivanyushkina v City of New York, supra; Winberry v City of New York, supra).* Accordingly, the

Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.