■ Jose Roman, Respondent, v City of New York et al., Defendants, and Manhattan Avenue Realty Associates, Appellant. [775 NYS2d 163]—

In an action to recover damages for personal injuries, the defendant 849 Manhattan Avenue Realty Associates appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 21, 2003, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

Generally, liability for injuries sustained as a result of a dangerous and defective condition in or the negligent maintenance of a public sidewalk is placed on the municipality and not on the abutting landowner (see Hausser v Giunta, 88 NY2d 449 [1996]). However, liability can be imposed on an abutting landowner where the sidewalk was constructed in a special manner for the benefit of the abutting landowner, where the abutting landowner affirmatively caused the defect, where the abutting landowner negligently constructed or repaired the sidewalk, or where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalk and imposes liability for injuries flowing from a breach of that duty (see Hausser v Giunta, supra at 452-453; Scheer v Roth, 280 AD2d 595 [2001]; Martinez v City of New York, 270 AD2d 235 [2000]).

Under the foregoing standard, the appellant made a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Even assuming that the cellar door in the sidewalk, which led to the appellant's building, constituted a special use, the appellant demonstrated that the door did not proximately cause the plaintiff's accident (see Salas v City of Yonkers, 294 AD2d 419 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., supra; Salas v City of Yonkers, supra).

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.