GERARD LEHNER, Appellant, v JOHN BOYLE et al., Respondents. [776 NYS2d 834]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated January 10, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

An owner of land abutting a public sidewalk does not, solely by reason of being an abutting owner, owe a duty to keep the sidewalk in a safe condition (*see Loforese v Cadillac Fairview Shopping Ctrs., U.S.*, 235 AD2d 399 [1997]). An abutting landowner will not be liable to a pedestrian injured on a public sidewalk unless that landowner created the defective condition complained of or caused the defect to occur because of some special use, or a local ordinance or statute casts a duty upon

him or her to maintain and repair the sidewalk and imposes liability for injuries resulting from a breach of that duty (*see Eidelman v Hochauser,* 242 AD2d 596, 597 [1997]).

In the absence of any such local ordinance or statute, and of evidence that any defective condition existed, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Leggio v County of Nassau,* 281 AD2d 518 [2001]; *Gross v Kam She Ng,* 269 AD2d 424 [2000]). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.