■ CONNIE DESENA, Appellant, v 85 LIVINGSTON TENANTS CORP. et al., Respondents. [782 NYS2d 846]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated May 20, 2003, as, upon granting her motion for leave to renew and reargue the separate motions of the defendant Gold's Gym, and 85 Livingston Tenants Corp. and WPG Management, for summary judgment dismissing the complaint insofar as asserted against them, respectively, adhered to the prior determination dated May 6, 2002, granting the respective motions.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendants established their prima facie entitlement to judgment as a matter of law on their respective motions for summary judgment by tendering sufficient evidence that they did not create the defective condition complained of, voluntarily but negligently make repairs, create the defect through special use, or violate a statute or ordinance which expressly imposes liability on the abutting landowner for failure to maintain and repair the sidewalk in question (see Hausser v Giunta, 88 NY2d 449 [1996]; Devine v City of New York, 300 AD2d 532, 533 [2002]). In opposition to that prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.