■ Frances Sammarco, Appellant, v City of New York, Defendant, and Long Island University, Respondent. [794 NYS2d 54]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated March 10, 2004, as granted that branch of the motion of the defendant Long Island University which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

As a general rule, a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting its premises (*see Hausser v Giunta*, 88 NY2d 449 [1996]; *Roman v City of New York*, 6 AD3d 691 [2004]). "However, liability can be imposed on an abutting landowner where the sidewalk was constructed in a special manner for the benefit of the abutting landowner, where the abutting landowner affirmatively caused the defect, where the abutting landowner negligently constructed or repaired the sidewalk, or where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalk and imposes liability for injuries flowing from a breach of that duty" (*Roman v City of New York, supra* at 691; *see Hausser v Giunta, supra; Desena v 85 Livingston Tenants Corp.*, 11 AD3d 506 [2004]; *Vrabel v City of New York*, 308 AD2d 443 [2003]). Here, the moving defendant demonstrated its entitlement to judgment as a matter of law by presenting evidence that none of the elements which are necessary to impose liability upon an abutting landowner were present. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Desena v 85 Livingston Tenants Corp., supra; Roman v City of New York, supra; Angulo v City of New York*, 5 AD3d 707 [2004]; *Vrabel v City of New York, supra*). Furthermore, the plaintiff's "mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process" was insufficient to defeat summary judgment (*Neryaev v Solon*, 6 AD3d 510 [2004]; *see Spatola v Gelco Corp.*, 5 AD3d 469 [2004]; *Frouws v Campbell Foundry Co.*, 275 AD2d 761 [2000]). Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.