■ VINCENT NICHILO et al., Respondents-Appellants, v B.F.N. REALTY ASSOCIATES, INC., et al., Appellants-Respondents, et al., Defendant. [798 NYS2d 487]—

In an action to recover damages for personal injuries, etc., the defendants B.F.N. Realty Associates, Inc., and Kalmon Dolgin Affiliates, Inc., appeal from so much of an amended order of the Supreme Court, Kings County (Douglass, J.), dated July 26, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-appeal from so much of the same amended order as denied their cross motion for summary judgment on the issue of liability.

Ordered that the amended order is modified, on the law, by deleting the provision thereof denying the motion of the defendants B.F.N. Realty Associates, Inc., and Kalmon Dolgin Affiliates, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting the motion; as so modified, the amended order is affirmed, with one bill of costs payable to the defendants B.F.N. Realty Associates, Inc., and Kalmon Dolgin Affiliates, Inc., the complaint is dismissed insofar as asserted against those defendants, and the action against the remaining defendant is severed.

The plaintiff Vincent Nichilo (hereinafter the plaintiff) allegedly was injured on October 26, 2000, at approximately 4:30 A.M., when he tripped over a large, brick-shaped stone in the middle of a sidewalk abutting a property owned by the defendant B.F.N. Realty Associates, Inc., and managed by the defendant Kalmon Dolgin Affiliates, Inc. (hereinafter collectively the defendants), causing him to stumble forward and strike a nearby light pole. At the time of the accident, the plaintiff, who was employed as a surveyor for a garbage collection company, was at the subject location with three coworkers to examine and service a container used by the defendant Extreme Machine Cycles, Inc.

Generally, liability for injuries sustained as a result of a dangerous or defective condition found on public sidewalks is placed on the municipality and not the owner or occupier of the abutting land (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Richter v Duane Reade*, 303 AD2d 232 [2003]; *Wu v Landau*, 264 AD2d 571 [1999]). However, insofar as relevant here, liability may be imposed on abutting landowners or occupiers where such persons created the defect, or caused it to occur because of some special use of the sidewalk, or violated a statute or ordinance expressly imposing liability on them for failure to maintain the sidewalk (*see Hausser v Giunta, supra* at 453; *Devine v City of New York*, 300 AD2d 532 [2002]; *Vallejo v Yorkshire Apts.*, 236 AD2d 464 [1997]).

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, inter alia, that they neither created the alleged dangerous condition nor had any prior notice of its existence (*see Richter v Duane Reade, supra; Russo v Eveco Dev. Corp.*, 256 AD2d 566 [1998]; *Surowiec v City of New York*, 139 AD2d 727 [1988]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the existence of any circumstance that would give rise to liability on the part of the defendants as owner and manager, respectively, of the abutting property (*see Sammarco v City of New York*, 16 AD3d 657 [2005]). Notably, neither the plaintiff nor his coworker, Angelo DeLuise, had any knowledge of when, how, or by whom the stone had been placed in the middle of the sidewalk, and DeLuise, who witnessed the accident and had been to that particular location on previous occasions, never before observed that or any similar stone lying on the sidewalk. DeLuise's subsequent affidavit raised feigned issues of fact intended to avoid the consequences of his earlier deposition testimony, and as such was insufficient to raise triable issues of fact (*see Anderson v Olympia & York Tower B Co.*, 14 AD3d 520 [2005]; *Katz v Seminole Realty Corp.*, 10 AD3d 386 [2004]).

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.