■ ROSALIE STANCHIC, Appellant, v JOHN LIM, Respondent, et al., Defendant. [797 NYS2d 306]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 29, 2004, as, upon renewal, granted that branch of the motion of the defendant John Lim which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

An abutting landowner will not be liable to a pedestrian injured on a public sidewalk unless that landowner created the defective condition complained of or caused the defect to occur because of some special use, or a local ordinance or statute casts a duty upon him or her to maintain and repair the sidewalk and imposes liability for injuries resulting from a breach of that duty (*see Sammarco v City of New York,* 16 AD3d 657 [2005]; *Lehner v Boyle,* 7 AD3d 677 [2004]; *Roman v City of New York,* 6 AD3d 691 [2004]). Here, accepting the facts alleged in the complaint as true and affording the plaintiff the benefit of every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), the Supreme Court properly granted that branch of the motion of the defendant John Lim which was to dismiss the complaint insofar as asserted against him.

The plaintiff's remaining contention is without merit. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.