■ TIMOTHY FARMER et al., Respondents-Appellants, v CITY OF NEW YORK, Appellant-Respondent, et al., Defendants, and CHARLES SCATURO & SONS, INC., et al., Respondents. [810 NYS2d 90]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated April 29, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the motion of the defendant Charles Scaturo & Sons, Inc., which was for summary judgment dismissing all cross claims insofar as asserted by the City of New York against it, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion of the defendant Charles Scaturo & Sons, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Charles Scaturo & Sons, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted by the City of New York against it, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, and the complaint and all cross claims are reinstated insofar as asserted by the City of New York against the defendant Charles Scaturo & Sons, Inc.

"An abutting landowner will not be liable to a pedestrian injured on a public sidewalk unless that landowner created the defective condition complained of or caused the defect to occur because of some special use, or a local ordinance or statute casts a duty upon him or her to maintain and repair the sidewalk and imposes liability for injuries resulting from a breach of that duty" (*Stanchic v Lim,* 20 AD3d 411, 412 [2005]; *see Nichilo v B.F.N. Realty Assoc., Inc.,* 19 AD3d 666, 667 [2005]; *Zektser v City of New York,* 18 AD3d 869 [2005]).

The defendant Charles Scaturo & Sons, Inc. (hereinafter

Scaturo), an out-of-possession landowner, failed to make a prima facie showing that it neither created the alleged defect nor derived a benefit from any special use, and was entitled to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *cf. Zektser v City of New York, supra*). Therefore, the Supreme Court should have denied summary judgment to Scaturo.

Similarly, the defendant City of New York failed to make a prima facie showing that the injuries sustained by the plaintiff Timothy Farmer (hereinafter the plaintiff) did not result from his March 8, 2001, sidewalk trip-and-fall accident (*see Winegrad v New York Univ. Med. Ctr., supra* at 853). Although the City's medical experts maintained in their supporting affidavits that the plaintiff's injuries did not result from the subject accident, the experts did not examine the plaintiff. Further, while the City's medical experts indicated in their affidavits that they reviewed and relied upon the plaintiff's medical records in rendering their determination, those records were not annexed to the motion. Therefore, the Supreme Court correctly denied the City's motion for summary judgment. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.