■ VERONA PINN et al., Appellants, v BAKER's VARIETY et al., Respondents. [820 NYS2d 129]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated December 11, 2003, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Verona Pinn allegedly sustained injuries when she tripped and fell on a defective portion of a public sidewalk

abutting the defendants' variety store. Verona Pinn and her husband brought the present action against the store and its owners.

The Supreme Court properly granted the defendants' motion for summary judgment. "An owner of land abutting a public sidewalk does not, solely by reason of being an abutting owner, owe a duty to keep the sidewalk in a safe condition" (*Lehner v Boyle,* 7 AD3d 677, 677 [2004]; *see Stanchic v Lim,* 20 AD3d 411, 412 [2005]; *Conlon v Village of Pleasantville,* 146 AD2d 736, 737 [1989]). An abutting landowner will not be liable to a pedestrian injured on a public sidewalk unless that landowner created the defective condition complained of, caused the defect to occur because of some special use, or a local ordinance or statute casts a duty upon the landowner to maintain and repair the sidewalk and imposes liability for injuries resulting from a breach of that duty (*see Stanchic v Lim, supra* at 412; *Lehner v Boyle, supra; Eidelman v Hochauser,* 242 AD2d 596, 597 [1997]). Here, the defendants demonstrated their entitlement to judgment as a matter of law by presenting evidence that none of the elements necessary to impose liability upon an abutting landowner were present. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The plaintiffs pleaded, inter alia, that the defendants were responsible for the sidewalk defect because they made a special use of the sidewalk. Their theory that the defendants' special use of the sidewalk, in effect, funneled the injured plaintiff's path of travel into the defective portion of the sidewalk was a theory materially different from those pleaded in the complaint and the bill of particulars. Raised for the first time in opposition to the motion for summary judgment, this theory should not have been considered as a basis for defeating summary judgment (*see Yaeger v UCC Constructors,* 281 AD2d 990, 991 [2001]; *Otonoga v City of New York,* 234 AD2d 592, 593 [1996]; *cf. Rosse-Glickman v Beth Israel Med. Ctr.—Kings Highway Div.,* 309 AD2d 846 [2003]; *Orros v Yick Ming Yip Realty,* 258 AD2d 387, 388 [1999]).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.