■ ANTHONY P. LATORRE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, and RITE AID, INC., Appellant. [822 NYS2d 725]—

In an action to recover damages for personal injuries, etc., the defendant Rite Aid, Inc., appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated August 13, 2004, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant Rite Aid, Inc., is granted.

On July 1, 2000 at approximately 6:00 A.M., the plaintiff Anthony P. LaTorre was walking on the sidewalk on 4th Avenue in Brooklyn in front of a store leased by the defendant Rite Aid, Inc. (hereinafter Rite Aid), taking his customary route, when he tripped and fell on an area of the sidewalk which included a raised subway grating approximately two to three inches high

with cracked cement between gratings. After serving notices of claim in September 2000 upon the defendants City of New York (hereinafter the City) and the New York City Transit Authority (hereinafter the NYCTA), the plaintiffs commenced this action to recover damages for personal injuries sustained by the plaintiff Anthony P. LaTorre and derivative loss allegedly sustained by his wife, the plaintiff Marie LaTorre.

Rite Aid moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied Rite Aid's motion. We reverse.

Rite Aid demonstrated, prima facie, its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Jordan v City of New York*, 23 AD3d 436 [2005]). The opposing proof submitted by the plaintiffs and the NYCTA and the City was speculative and insufficient to raise a triable issue of fact (*see Jordan v City of New York, supra*; *Kaminer v Dan's Supreme Supermarket/Key Food*, 253 AD2d 657 [1998]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *cf. McCoy v City of New York*, 38 AD2d 961 [1972]). Accordingly, the Supreme Court should have granted Rite Aid's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.