In an action to recover damages for personal injuries, the defendant Rosalie Drakes appeals from an order of the Supreme Court, Queens County (Flug, J.), dated February 13, 2008, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Rosalie Drakes for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
The appellant owns premises including a one-family house, which abuts the portion of a sidewalk where the plaintiff tripped and fell. “As a general rule, a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting its premises” (Sammarco v City of New York, 16 AD3d 657, 658 [2005]). There are, however, circumstances under which this general rule is inapplicable and the abutting landowner will be held liable. “Liability to abutting landowners will generally be *533 imposed where the sidewalk was constructed in a special manner for the benefit of the abutting owner, where the abutting owner affirmatively caused the defect, where the abutting landowner negligently constructed or repaired the sidewalk and where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty” (Hausser v Giunta, 88 NY2d 449, 453 [1996] [internal citations omitted]). Here, the appellant demonstrated her entitlement to judgment as a matter of law by presenting evidence that none of the elements which are necessary to impose liability upon an abutting landowner were present. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Lastly, under these circumstances where the plaintiff filed a note of issue, certifying that discovery was complete, she cannot be heard to argue that the appellant’s motion was premature in light of outstanding discovery. Skelos, J.P., Angiolillo, Balkin and Chambers, JJ., concur.