■ NATALIA SMIRNOVA, Respondent, v CITY OF NEW YORK et al., Respondents, and INDUSTRIAL HOME FOR THE BLIND, Appellant. [882 NYS2d 513]—

In an action to recover damages for personal injuries, the defendant Industrial Home for the Blind appeals from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated January 30, 2008, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant Industrial Home for the Blind for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On August 10, 2005 the plaintiff allegedly tripped and fell when she caught her foot on the edge of a plywood board covering a subway grate in the sidewalk adjacent to property owned by the appellant in Brooklyn. It is undisputed that, prior to the accident, employees of the defendant New York City Transit Authority (hereinafter the NYCTA) had installed plywood boards over the subway grate. The plaintiff commenced this action against Industrial Home for the Blind (hereinafter the appellant), the NYCTA, the Metropolitan Transportation Authority, and the City of New York to recover damages for personal injuries. The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground, inter alia, it had no duty to maintain the plywood boards installed over the sidewalk. The Supreme Court denied the appellant's motion. We reverse.

"Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land (see *Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). However, liability may be imposed on the abutting landowner where the

landowner either affirmatively created the dangerous condition, voluntarily but negligently made repairs to the sidewalk, created the dangerous condition through a special use of the sidewalk, or violated a statute or ordinance expressly imposing liability on the abutting landowner for a failure to maintain the sidewalk" (*James v Blackmon*, 58 AD3d 808, 808 [2009]; *see Ellman v Village of Rhinebeck*, 41 AD3d 635, 637 [2007]; *Sverdlin v Gruber*, 289 AD2d 475, 476 [2001]).

Effective September 14, 2003, Administrative Code of the City of New York § 7-210, in effect, shifted liability for injuries arising from a defective sidewalk from the City of New York to the owner of the real property which abuts the defective sidewalk, with several exceptions not relevant here. We agree with the appellant, however, that the plywood boards affixed to the sidewalk by NYCTA were not part of the "sidewalk" for purposes of liability under Administrative Code § 7-210 (*cf. Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521-522 [2008]; *Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d 943, 946 [2008]). Accordingly, Administrative Code § 7-210 is inapplicable.

In opposition to the appellant's prima facie showing of entitlement to judgment as a matter of law, which it made by demonstrating that it did not create the defective condition, negligently make repairs, make a special use of the plywood boards in a special manner for its own benefit (*see Hausser v Giunta*, 88 NY2d 449 [1996]), or violate a statute or ordinance expressly imposing liability upon it, the plaintiff failed to raise a triable issue of fact (*see LaTorre v New York City Tr. Auth.*, 33 AD3d 969, 970 [2006]). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.