In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J), dated March 31, 2008, which granted those branches of the defendants’ separate motions pursuant to CFLR 4404 (a) which were to set aside a jury verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law dismissing the complaint.
Ordered that the order is affirmed, with one bill of costs.
Contrary to the plaintiff’s contention, the Supreme Court properly granted those branches of the separate motions of the defendants City of New York and Carol Radin pursuant to CFLR 4404 (a) which were to set aside the verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law dismissing the complaint. To grant a motion pursuant to *641 CPLR 4404 (a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Here, the plaintiff failed to establish that the City of New York had prior written notice of an alleged roadway defect (see Administrative Code of City of NY § 7-201 [c] [2]) or that an exception to the prior written notice requirement applied (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]).
Moreover, the plaintiff failed to establish that the defendant Carol Radin was subject to liability under the relevant provision of the Administrative Code of the City of New York. In this regard, we note that the alleged accident did not occur on a “sidewalk” for purposes of Administrative Code of the City of New York § 7-210 (see Administrative Code of City of N.Y. § 19-101 [d]), which imposes tort liability on certain property owners who fail to maintain city-owned sidewalks in a reasonably safe condition (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521-522 [2008]; Smirnova v City of New York, 64 AD3d 641 [2009]).
The parties’ remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Florio, Miller and Austin, JJ., concur. [See 2008 NY Slip Op 31002(11).]