■ LESLIE FALCHOOK et al., Respondents, v J & M KINGSLEY, LTD., Doing Business as LILA'S SANTA FE KITCHEN, Defendant, and 345 MAIN STREET ASSOCIATES, LLC, et al., Appellants. (And a Third-Party Action.) [888 NYS2d 569]—

In an action to recover damages for personal injuries, etc., the defendants 345 Main Street Associates, LLC, 345 Main Street Associates, and Palmer Sealy III appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated January 14, 2009, as denied their motion for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Palmer Sealy III, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs Leslie Falchook and Judy Falchook and their two children had dinner at the defendant J & M Kingsley, Ltd., doing business as Lila's Santa Fe Kitchen (hereinafter the restaurant), at around 6:00 P.M. on February 17, 2007. Upon leaving the eestaurant, Leslie Falchook allegedly slipped on a patch of ice on the sidewalk, sustaining injuries. The premises were owned by the defendant 345 Main Street Associates, LLC, sued herein as 345 Main Street Associates, LLC, and 345 Main Street Associates (hereinafter Associates), and were leased by the restaurant. The lease required the restaurant to clear all the snow and ice on the premises. Associates employed the defendant Palmer Sealy III as its managing agent in an independent contractor capacity. Sealy, who had no written contract, testified at his deposition that it had never been his duty to remove snow and ice from the premises, and that he had never done so. A report from the National Climatic Data Center indicated that snow and freezing rain fell on February 13th and 14th, but no additional precipitation fell between the 14th and the 17th.

The plaintiffs commenced this action against the restaurant, Associates, and Sealy on May 29, 2007 alleging negligence. The appellants moved for summary judgment dismissing the amended complaint. The Supreme Court denied the motion, finding the existence of issues of fact as to whether the defendants had notice of the icy condition and were negligent in their efforts to keep the sidewalk free from snow and ice.

The Supreme Court erred in denying that branch of the appellants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against Sealy. Although a contractual obligation alone generally does not create a duty of care toward a third party (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]), the Court of Appeals, in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 140 [2002] [citations omitted]), described three circumstances in which a contracting party assumes a duty to persons outside the contract. These are: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely." After the appellants established, prima facie, Sealy's entitlement to judgment as a matter of law, the plaintiffs failed to raise any issue of fact as to whether Sealy is liable to them under any of these three theories (*see also Raynor-Brown v Garden City Plaza Assoc.*, 305 AD2d 572 [2003]; *cf. Peters v Trammell Crow Co.*, 47 AD3d 419, 420 [2008]).

However, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against Associates. "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner . . . [but] [l]iability to abutting landowners will generally be imposed . . . where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). Here, Code of Town of Huntington § 173-16 requires property owners to remove snow and ice from sidewalks within four hours of the cessation of snowfall. Associates failed to demonstrate, prima facie, that it complied with this provision (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Fisher, J.P., Angiolillo, Dickerson and Roman, JJ., concur.