■ James Farrell et al., Respondents, v City of New York, Respondent, and IESI NY Corporation et al., Appellants, et al., Defendants. [889 NYS2d 103]—

In an action to recover damages for personal injuries, etc., the defendants IESI NY Corporation and D.C. Properties, Inc., appeal from an order of the Supreme Court, Kings County (Miller, J.), dated August 11, 2008, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants IESI NY Corporation and D.C. Properties, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

On February 19, 2003 the injured plaintiff tripped and fell after stepping into a hole in a street in Brooklyn, approximately 10 to 15 feet away from a garbage transfer facility operated by the defendant IESI NY Corporation, and owned by the defendant D.C. Properties, Inc. (hereinafter together the appellants). The injured plaintiff and his wife, suing derivatively, subsequently commenced this action against the appellants, the City of New York, and two companies which had allegedly performed repair or construction work in the area where the accident occurred. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them contending, inter alia, that they had not created the subject dangerous condition by performing repair work, and had no duty to maintain the portion of the public street where the accident occurred. The Supreme Court denied the appellants' motion, and we reverse.

Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street is placed on the municipality, and not on the owner or lessee of abutting property (see Hausser v Giunta, 88 NY2d 449, 452-453 [1996]). However, exceptions to this general rule exist where the landowner or lessee has either affirmatively created the dangerous condition, voluntarily but negligently made repairs, caused the condition to occur through a special use, or violated a statute or

ordinance expressly imposing liability on the landowner for a failure to maintain the abutting street or sidewalk (*see Smirnova v City of New York*, 64 AD3d 641 [2009]; *Berkowitz v Spring Cr., Inc.*, 56 AD3d 594, 595-596 [2008]; *Roman v City of New York*, 6 AD3d 691 [2004]).

Here, the appellants made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidentiary proof demonstrating that they performed no repair work in the street abutting their premises and did not make a special use of the street (*see Smirnova v City of New York*, 64 AD3d 641 [2009]; *Berkowitz v Spring Cr., Inc.*, 56 AD3d at 596; *Bruno v City of New York*, 36 AD3d 640, 641 [2007]; *Hyland v City of New York*, 32 AD3d 822, 823 [2006]; *Roman v City of New York*, 6 AD3d 691 [2004]). Furthermore, no violation of a statute or ordinance is alleged. In opposition to the appellants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Bruno v City of New York*, 36 AD3d at 641; *Hyland v City of New York*, 32 AD3d at 823). The conclusory opinion of the plaintiffs' expert that the public sidewalk in front of the appellants' premises had been removed at their behest to provide improved access for trucks entering and leaving the garbage transfer facility was speculative and unsupported by the record, and thus insufficient to raise an issue of fact as to whether the street was reconfigured for the appellants' special benefit (*see Hyland v City of New York*, 32 AD3d at 823). Furthermore, even assuming that the appellants made a special use of the street in some manner, the expert's affidavit failed to raise an issue of fact as to whether the special use caused the subject dangerous condition to occur (*see Roman v City of New York*, 6 AD3d 691 [2004]; *Yee v Chang Xin Food Mkt.*, 302 AD2d 518, 519 [2003]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.