DOREEN GRIER, Appellant, v 35-63 REALTY, INC., Respondent. (And a Third-Party Action.) [895 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered April 24, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that on February 17, 2006, she was injured in Jackson Heights, Queens when she tripped and fell as she walked over an unpaved patch of ground and onto the concrete slab of the adjoining sidewalk flag. The plaintiff testified at her deposition that the unpaved patch was on the same general level as the sidewalk, but that her right foot became caught on the concrete slab of the adjoining sidewalk flag since the edge of the slab was slightly higher than the unpaved patch.

The plaintiff commenced this action against 35-63 Realty, Inc. (hereinafter Realty), as owner of the premises abutting the sidewalk upon which she fell. Realty then commenced a third-party action against the City of New York and its own commercial tenant, which leased the store located at the corner of the first floor of its building.

A representative of the Forestry Division of the New York City Department of Parks and Recreation for the borough of Queens testified, at an examination before trial, that the area where the plaintiff fell was actually a tree well, which had once contained a tree. The representative testified that the tree had been removed more than four years prior to the subject accident, and that its stump was removed approximately nine months after the removal of the tree.

Realty moved for summary judgment dismissing the complaint on the ground that it had no duty to maintain the area where the plaintiff fell. The Supreme Court granted Realty's motion. We affirm.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and

defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *see Farrell v City of New York*, 67 AD3d 859 [2009]; *Falchook v J & M Kingsley, Ltd.*, 67 AD3d 632 [2009]; *Smirnova v City of New York*, 64 AD3d 641 [2009]). Liability may be imposed on abutting property owner only where he or she has affirmatively created the dangerous condition, negligently made repairs to the area, caused the dangerous condition to occur through a special use of that area or violated a statute which expressly imposes liability on the property owner for failure to maintain the abutting sidewalk (*see Farrell v City of New York*, 67 AD3d 859 [2009]; *Falchook v J & M Kingsley, Ltd.*, 67 AD3d 632 [2009]; *Smirnova v City of New York*, 64 AD3d 641 [2009]).

Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner; however, a tree well is not part of the "sidewalk" for purposes of that section of Administrative Code of the City of New York (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d 943, 946 [2008]).

Moreover, the plaintiff did not refute Realty's contention, amply supported by the evidence, that it did not create the defective condition, did not negligently repair it, and did not cause the condition to occur through its special use of the tree well (*see Smirnova v City of New York*, 64 AD3d 641, 642 [2009]). Thus, Realty established its prima facie entitlement to judgment as a matter of law (*see Farrell v City of New York*, 67 AD3d 859 [2009]; *Smirnova v City of New York*, 64 AD3d 641 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Smirnova v City of New York*, 64 AD3d 641 [2009]; *Williams v Azeem*, 62 AD3d 988 [2009]). Accordingly, the Supreme Court properly granted Realty's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit. Covello, J.P., Santucci, Miller and Eng, JJ., concur.