■ JOSEPH T. REPETTI et al., Respondents, v CITY OF NEW YORK DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents, and Public Administrator of the Estate of CHARLES GOLDEN, Deceased, et al., Appellants. [990 NYS2d 860]—

In an action to recover damages for personal injuries, etc., the defendants Public Administrator of the Estate of Charles Golden, deceased, and Catherine Golden appeal from an order of the Supreme Court, Kings County (Landicino, J.), dated December 5, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendants Public Administrator of the Estate of Charles Golden, deceased, and Catherine Golden for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff Joseph T. Repetti tripped and fell on a sidewalk abutting property owned by the defendant Catherine Golden and her now deceased husband, Charles Golden, who is represented by the defendant Public Administrator of the Estate of Charles Golden (hereinafter together the appellants). An abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk *(see Crawford v City of New York,* 98 AD3d 935, 936 [2012]; *Long v Town of Southold,* 96 AD3d 808 [2012]; *Romano v Leger,* 72 AD3d 1059 [2010]; *Smirnova v City of New York,* 64 AD3d 641 [2009]).

Here, the appellants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that they did not create the alleged defective condition, cause the condition through the special use of the sidewalk as a driveway, or breach a specific ordinance or statute obligating them to maintain the sidewalk *(see Rodriguez v City of Yonkers,* 106 AD3d 802 [2013]; *Romero v City of New York,* 5 AD3d 657 [2004]; *Jeanty v Benin,* 1 AD3d 566 [2003]; *Levy v City of New*

*York*, 1 AD3d 409 [2003]). In opposition, the plaintiffs and the remaining defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.