■ JOLANDA MORALES, Respondent, v GALO POZO, Appellant, et al., Defendants. [933 NYS2d 902]—

The Supreme Court properly denied that branch of the renewed motion of the defendant Galo Pozo (hereinafter the defendant) which was for summary judgment dismissing the complaint insofar as asserted against him. Contrary to the defendant's contention, the plaintiff sufficiently identified, at her deposition, the cause of her accident. She both testified that she tripped due to the presence of some stones in a tree well located on the public sidewalk adjacent to the defendant's property and marked the subject defective area on a photograph of the scene (*see Shajahan v Bokari*, 74 AD3d 1174 [2010]; *Melnikov v 249 Brighton Corp.*, 72 AD3d 760, 761 [2010]). Furthermore, while the defendant established his prima facie entitlement to summary judgment by demonstrating, inter alia, that an adjacent property owner generally has no duty to maintain a public tree well and that he exercised no control over the area (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]; *Vellios v Green Apple*, 84 AD3d 1356 [2011]; *Grier v 35-63 Realty, Inc.*, 70 AD3d 772, 773 [2010]), the plaintiff raised a triable issue of fact in opposition to the motion by submitting evidence that the defendant may have made a special use of the tree well and thereby contributed to the creation or exacerbation of the alleged dangerous condition (*cf. Holmes v Town of Oyster Bay*, 82 AD3d 1047, 1048 [2011]; *Grier v 35-63 Realty, Inc.*, 70 AD3d at 773). Mastro, A.P.J., Chambers, Sgroi and Miller, JJ., concur.