Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about January 25, 2012, which, to the extent appealed, denied the motion by defendants East 49th Street Development II, LLC, and 250 East Borrower, LLC for summary judgment dismissing the complaint and the cross claim of codefendant Ocean Avenue Construction, Inc., for contractual *846 indemnification, unanimously reversed, on the law, without costs, and the claims and cross claim dismissed as to these defendants.
Defendant 250 East Borrower and its indirect member defendant East 49th Street Development II, are the owners of property adjacent to where plaintiff allegedly sustained injury when he tripped and fell on a crack in the sidewalk and hit his head on a muni-meter installed by the City. The record establishes that defendant Ocean Avenue Construction erected a blue, wooden construction fence in connection with a construction project being performed on the owners’ lot. Plaintiff was walking in front of a restaurant on the lot just south of defendants’ lot and was approaching the area where the sidewalk was narrowed by the construction fence, when he stepped aside toward the curb to allow other pedestrians approaching him to pass. As he stepped toward the curb, but before he reached the construction site, plaintiff tripped on a crack in the sidewalk and fell, striking his head on the muni-meter and sustaining injuries.
Plaintiff sued, inter alia, the owners of the abutting property, the restaurant, the construction company, and the owner of the construction site averring that the narrowing of the sidewalk in front of the construction site directed him toward the cracked sidewalk.
Moving to dismiss the claims against them, defendants, as owners of the construction site property, contend they had no duty to plaintiff and that they did not proximately cause plaintiffs injury, as they neither created the alleged defect upon which plaintiff fell nor was it located on their property. In addition, they argue that plaintiffs’ claim that the closeness of the muni-meter to the fence created a hazard lacks merit. Defendants contend that even if the presence of the muni-meter, which was situated south of the construction fence in front of the restaurant, narrowed the area approaching the walkway, it was the crack on the neighboring property that caused plaintiff to trip and strike the meter, not the construction fence. Defendants further aver that Administrative Code of the City of New York § 7-210 (b) does not impose liability on them as they are not the abutting owner of the sidewalk on which plaintiff tripped, nor have they violated any provision of 12 NYCRRR 23-1.18 governing the construction of sidewalk sheds and barricades. Defendants proffer an expert attesting to the fact that the fence was installed and maintained in accordance with the applicable Department of Transportation rules.
Plaintiffs, however, contend that the construction shed was negligently placed because of the location of the muni-meter *847 and because the approach created was too narrow a pathway. They posit that part of the street should have been appropriated to widen the walkway.
The motion court should have granted summary judgment to the moving parties since there are no triable issues of fact as to whether these defendants violated a duty to plaintiff or whether the sidewalk encroachment created by defendants’ fence proximately caused plaintiff’s harm. Unlike the situation in Hunter v City of New York (23 AD3d 223, 223-224 [2005]), where the plaintiff was caused to trip on a grating by a fence that actually encroached on the adjacent property, the sidewalk defect that caused plaintiffs injury in this case was significantly south of the moving defendants’ property. Defendants here cannot be found to have had a duty to a pedestrian who fell on a defect on an adjacent sidewalk where no encroachment existed. Moreover, under these facts, the narrowed sidewalk on defendants’ property cannot be said to have proximately caused plaintiffs injury (see Cimino v City of White Plains, 65 AD3d 1069 [2009]). Plaintiff specifically said that he stepped aside because several other pedestrians were walking toward him. He was not walking on the narrowed path nor was the tripping hazard on the path. Thus, while the narrowed path may have furnished a setting encouraging plaintiff to step aside to avoid oncoming pedestrians, there were too many intervening factors to find that the construction shed proximately caused plaintiffs injury (see Bonomonte v City of New York, 79 AD3d 515 [2010], affd 17 NY3d 866 [2011]; Lee v New York City Hous. Auth., 25 AD3d 214 [2005], lv denied 6 NY3d 708 [2006]).
In view of the above, we need not address defendant 250 East Borrower’s motion to dismiss its cross claim for contractual indemnification. Concur — Sweeny, J.P., Catterson, Acosta and Freedman, JJ.