■ SHEILA LEIBOWITZ, Respondent, v 2555 EAST 12TH STREET CORPORATION et al., Appellants-Respondents, ROYAL WASTE SERVICES, INC., Respondents-Appellants, and CITY OF NEW YORK, Respondent, et al., Defendant. [10 NYS3d 298]—

In an action to recover damages for personal injuries, the defendants 2555 East 12th Street Corporation, MZ Realty Corp., and M.F. Realty, LLC, appeal, and the defendants Royal Waste Services, Inc., and Cofire Paving Corporation each separately appeal, as limited by their respective briefs, from stated portions of an order of the Supreme Court, Kings County (Landicino, J.), dated September 6, 2013, which, inter alia, denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants 2555 East 12th Street Corporation, MZ Realty Corp., and M.F. Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as ap-

pealed from, with one bill of costs to the plaintiff payable by the defendants Royal Waste Services, Inc., and Cofire Paving Corporation, and one bill of costs to the defendants 2555 East 12th Street Corporation, MZ Realty Corp., and M.F. Realty LLC, payable by the plaintiff.

The plaintiff allegedly sustained injuries when she tripped over a raised brick located inside of a tree well in front of 2555 East 12th Street in Brooklyn, and then slipped on a broken curb adjacent to the tree well. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendants, and the defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, inter alia, denied the motions.

The defendants 2555 East 12th Street Corporation, MZ Realty Corp., and M.F. Realty, LLC (hereinafter collectively the owners), the owners and managers of the subject premises, established their prima facie entitlement to judgment as a matter of law by demonstrating, among other things, that they had no duty to maintain the tree well, that they exercised no control over the tree well, and that they did not cause or create the alleged dangerous condition (*see Donadio v City of New York*, 126 AD3d 851 [2015]; *Morelli v Starbucks Corp.*, 107 AD3d 963, 964-965 [2013]; *Morales v Pozo*, 90 AD3d 625 [2011]). Since no triable issues of fact were raised in opposition, the Supreme Court should have granted that branch of the owners' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court properly determined that the defendant Royal Waste Services, Inc. (hereinafter Royal), a company that delivered and placed large dumpsters in front of the premises, failed to satisfy its burden of demonstrating its prima facie entitlement to judgment as a matter of law. Contrary to Royal's contention, it failed to demonstrate, prima facie, that it did not cause or create the alleged dangerous condition (*see Anastasio v Berry Complex, LLC*, 82 AD3d 808, 809 [2011]; *Hill v Fence Man, Inc.*, 78 AD3d 1002, 1005 [2010]).

The Supreme Court also properly determined that the defendant Cofire Paving Corporation (hereinafter Cofire) made a prima facie showing that it did not cause or create the alleged dangerous condition. However, in opposition, the plaintiff submitted, among other things, the deposition testimony of Cofire's president, which raised triable issues of fact as to whether Cofire created the alleged dangerous condition during its road milling operations (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly denied those branches of Royal's and Cofire's respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.

The appellants' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.