JOSEPH GIBBONS, Respondent, v CITY OF NEW YORK, Respondent, and KINGSTON HEIGHTS, LLC, Appellant. [30 NYS3d 843]—

In an action to recover damages for personal injuries, the defendant Kingston Heights, LLC, appeals from an order of the Supreme Court, Kings County (Genovesi, J.), dated October 9, 2015, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Kingston Heights, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained when he stepped on a raised cobblestone in a tree well in front of premises owned by the defendant Kingston Heights, LLC (hereinafter Kingston Heights). In the order appealed from, the Supreme Court denied Kingston Heights' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Administrative Code of the City of New York § 7-210 (a) places the duty to maintain a sidewalk in a reasonably safe condition on the owner of the property abutting the sidewalk, and provides for civil liability for injuries proximately caused by the failure to so maintain the sidewalk. However, the statute does not extend that duty of maintenance to city-owned tree wells or provide for civil liability for injuries occurring in city-owned tree wells (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]). Thus, liability may be imposed on the abutting landowner in such instances only where she or he has "af-

firmatively created the dangerous condition, negligently made repairs to the area, [or] caused the dangerous condition to occur through a special use of that area" (*Grier v 35-63 Realty, Inc.*, 70 AD3d 772, 773 [2010]; *see Holmes v Town of Oyster Bay*, 82 AD3d 1047, 1048 [2011]; *cf. Leibowitz v 2555 E. 12th St. Corp.*, 128 AD3d 1023, 1024 [2015]; *Donadio v City of New York*, 126 AD3d 851, 852 [2015]; *Morelli v Starbucks Corp.*, 107 AD3d 963, 964 [2013]; *Morales v Pozo*, 90 AD3d 625 [2011]).

Here, Kingston Heights established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no duty to maintain the city-owned tree well, did not create the allegedly dangerous condition, did not negligently repair it, and did not cause the condition to occur through its special use of the tree well. In opposition, neither the plaintiff nor the City raised a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted Kingston Heights' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.