◼ Louis Scheriff, Respondent, v Rosemary Scheriff, Appellant. [60 NYS3d 185]—

Appeals by the defendant from two orders of the Supreme Court, Queens County (Anna Culley, J.), both dated July 31, 2015. The first order, insofar as appealed from, denied that branch of the defendant's motion which was for a setoff against the plaintiff's equitable share of the former marital home in an amount equal to the unpaid sum of her equitable share of the plaintiff's pension, and directed her to file a domestic relations order. The second order, inter alia, granted that branch of the plaintiff's motion which was to compel the defendant to list the former marital home for sale.

Ordered that the appeal from the second order dated July 31, 2015, is dismissed as abandoned; and it is further,

Ordered that the first order dated July 31, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The parties were married in July 1987, and have three children. In 2007, the plaintiff commenced an action for a divorce and ancillary relief. The parties entered into a written stipulation of settlement which was incorporated, but not merged, into a judgment of divorce dated October 7, 2010. Section 11 of the stipulation provided that the defendant was entitled to 50% of the marital portion of the plaintiff's pension with the New York City Fire Department. It further provided that the parties were to cooperate with each other in obtaining a Qualified Domestic Relations Order (hereinafter QDRO) to divide the pension, that they would equally share the cost of preparing the QDRO, and that the defendant's share would be determined pursuant to the formula set forth in *Majauskas v*

*Majauskas* (61 NY2d 481 [1984]). In May 2015, the defendant moved, inter alia, "for a set-off against [p]laintiff's entitlement to his equity share of the former marital home in an amount equal to all monies owed for QDRO arrears." The Supreme Court denied that branch of the motion and directed the defendant to prepare and submit "an appropriate Domestic Relations Order." The defendant appeals.

A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation, the terms of which are binding on the parties (*see Rosner v Rosner*, 143 AD3d 882, 883 [2016]; *Frances v Frances*, 140 AD3d 1114, 1115 [2016]; *Kraus v Kraus*, 131 AD3d 94, 100 [2015]). "Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (*Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]). Where the parties' stipulation directs that the distribution of pension benefits be accomplished through a QDRO, the QDRO "can convey only those rights to which the parties stipulated as a basis for the judgment" (*McCoy v Feinman*, 99 NY2d 295, 304 [2002]).

Here, the clear and unambiguous language contained in Section 11 of the stipulation demonstrates that the defendant is entitled to her equitable share of the plaintiff's pension and that payment of her share is to be effectuated through the submission of a QDRO. Although the stipulation failed to identify the party who would be responsible for submitting the QDRO, "it is generally the responsibility of the party seeking approval of the QDRO to submit it to the court with notice of settlement" (*Kraus v Kraus*, 131 AD3d at 101). Thus, the defendant should have prepared and submitted a proposed QDRO to the Supreme Court with a copy to the defendant's employer. Contrary to her contention, in the absence of a QDRO, there were no "QDRO arrears." Accordingly, the court properly denied that branch of the defendant's motion which was for a setoff against the plaintiff's equitable share of the former marital home in an amount equal to the unpaid sum of her equitable share of his pension and properly directed the defendant to submit an appropriate domestic relations order.

Since the brief submitted by the defendant neither sets forth any argument regarding her appeal from the second order dated July 31, 2015, nor requests reversal of any portion of that order, the appeal from that order must be dismissed as abandoned (*see 555 W. John St., LLC v Westbury Jeep Chrysler Dodge, Inc.*, 149 AD3d 796 [2017]; *Nugent v Diocese of Rockville*

*Ctr.*, 137 AD3d 760 [2016]). Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.