Christian v 709 Brighton Beach, LLC (2018 NY Slip Op 08460)





Christian v 709 Brighton Beach, LLC


2018 NY Slip Op 08460


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2017-03030
 (Index No. 13753/13)

[*1]Charisse M. Christian, respondent, 
v
709 Brighton Beach, LLC, et al., defendants, Henado Maintenance Services, Inc., appellant.


Tobias & Kuhn, New York, NY (Michael J. Veras and Alexander Statsky of counsel), for appellant.
Miller, Montiel & Strano, P.C., Garden City, NY (David Strano of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Henado Maintenance Services, Inc., appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated February 8, 2017. The order, insofar as appealed from, denied that defendant's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly slipped on a liquid substance that was on the floor of a bathroom at her employer's premises. She commenced this action to recover damages for personal injuries against, among others, Henado Maintenance Services, Inc. (hereinafter Henado), which had contracted to provide cleaning services at the premises. The plaintiff alleged in her bill of particulars that Henado created the hazardous condition. Henado cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied Henado's cross motion, and Henado appeals.
We agree with the Supreme Court's denial of Henado's cross motion. While a contractual obligation generally does not give rise to liability in tort to persons not a party to the contract, an exception exists "where the contractor created a dangerous condition or increased the risk of harm to others in its undertaking" (Grosse v Olsen, 164 AD3d 763, 764 [internal citations omitted]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Glover v John Tyler Enters., Inc., 123 AD3d 882; George v Marshalls of MA, Inc., 61 AD3d 925). Here, in opposition to Henado's prima facie showing of its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320), the plaintiff, through the submission of the affidavit of a former coworker of the plaintiff, along with other evidence, raised a triable issue of fact as to whether Henado created the alleged hazardous condition (see Leibowitz v 2555 E. 12th St. Corp., 128 AD3d 1023, 1024).
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court