Booker v New York City Hous. Auth. (2018 NY Slip Op 08455)





Booker v New York City Hous. Auth.


2018 NY Slip Op 08455


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-06015
2016-06018
2016-06019
 (Index No. 4479/15)

[*1]Ronny Booker, Sr., appellant, 
v
New York City Housing Authority, et al., respondents, et al., defendant.


Sacco & Fillas, LLP, Astoria, NY (Jeremy S. Ribakove of counsel), for appellant.
Gladstein, Keane & Flomenhaft, PLLC (Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY [Patrick J. Lawless], of counsel), for respondent New York City Housing Authority.
Miranda Sambursky Slone Sklarin Verveniotis, LLP, Mineola, NY (Ondine C. Slone of counsel), for respondent Bushwick United Head Start.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from three orders of the Supreme Court, Kings County (Lara J. Genovesi, J.), all dated April 22, 2016. The first order, insofar as appealed from, granted that branch of the motion of the defendant New York City Housing Authority which was for summary judgment dismissing the complaint insofar as asserted against it. The second order granted the motion of the defendant 93rd Street, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The third order, insofar as appealed from, granted that branch of the motion of the defendant Bushwick United Head Start which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the second order is dismissed as abandoned; and it is further,
ORDERED that the first and third orders are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants New York City Housing Authority and Bushwick United Head Start.
The plaintiff allegedly was injured when he tripped over a cable protruding from a curbside tree well in front of 331 Central Avenue in Brooklyn (hereinafter the premises). Thereafter, the plaintiff commenced this action against, among others, the New York City Housing Authority (hereinafter NYCHA), which owned the premises, and two alleged lessees of the premises, Bushwick United Head Start (hereinafter Bushwick) and 93rd Street, LLC. NYCHA, Bushwick, and [*2]93rd Street, LLC, separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. In three orders, all dated April 22, 2016, the Supreme Court granted the motions.
NYCHA and Bushwick each established their prima facie entitlement to judgment as a matter of law by demonstrating that they had no duty to maintain the tree well, that they exercised no control over the tree well, and that they did not cause or create the alleged dangerous condition (see Gibbons v City of New York, 139 AD3d 1004, 1004-1005; Leibowitz v 2555 E. 12th St. Corp., 128 AD3d 1023, 1024; Morelli v Starbucks Corp., 107 AD3d 963, 965). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). Additionally, the plaintiff's professed need to conduct discovery did not warrant denial of those motions since he already had personal knowledge of the relevant facts (see Pierre v Demoura, 148 AD3d 736, 737), and the mere hope or speculation that evidence may be uncovered during the discovery process is insufficient to deny summary judgment (see Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 606; Le Grand v Silberstein, 123 AD3d 773, 775). Accordingly, we agree with the Supreme Court's determination granting those branches of the separate motions of NYCHA and Bushwick which were for summary judgment dismissing the complaint insofar as asserted against each of them.
The appeal from the second order dated April 22, 2016, must be dismissed as abandoned as the plaintiff does not seek reversal of this order in his brief (see Scheriff v Scheriff, 152 AD3d 724, 725; Sirma v Beach, 59 AD3d 611, 614).
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court