Chulpayeva v 109-01 Realty Co., LLC (2019 NY Slip Op 01737)





Chulpayeva v 109-01 Realty Co., LLC


2019 NY Slip Op 01737


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-00417
 (Index No. 13479/14)

[*1]Blurya Chulpayeva, appellant, 
v
109-01 Realty Co., LLC, respondent, et al., defendants. Serhiy Hoshovsky, New York, NY, for appellant.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Meredith Drucker Nolen and Nicholas Hurzeler of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated December 4, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant 109-01 Realty Co., LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 23, 2013, the plaintiff allegedly tripped and fell on uneven bricks inside a tree well in front of a building located in Forest Hills which was owned by the defendant 109-01 Realty Co., LLC (hereinafter 109-01 Realty). The plaintiff commenced this action against, among others, 109-01 Realty to recover damages for personal injuries the plaintiff alleges she sustained as a result of the fall. At the time of the accident the building was undergoing a facade inspection and there was scaffolding on the sidewalk. The scaffolding had been installed by the defendant Rock Scaffolding Corp., which had been hired by 109-01 Realty. The plaintiff alleged that the scaffolding on the sidewalk narrowed the pedestrian path where the accident occurred. The plaintiff testified at her deposition that the accident occurred when a woman pushing a man in a wheelchair was approaching the plaintiff from the opposite direction. The plaintiff, in order to let them pass, stepped to her left and into the tree well. After joinder of issue, 109-01 Realty moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
Administrative Code of the City of New York § 7-210 places the duty to maintain a sidewalk in a reasonably safe condition on the owner of the property abutting the sidewalk, and provides for civil liability for injuries proximately caused by the failure to so maintain the sidewalk. However, the statute does not extend that duty of maintenance to city-owned tree wells, or provide for civil liability for injuries occurring in city-owned tree wells (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521-522; Gibbons v City of New York, 139 AD3d 1004, 1004). Thus, liability may be imposed on the abutting landowner in such instances only where she or he has "affirmatively [*2]created the dangerous condition, negligently made repairs to the area, [or] caused the dangerous condition to occur through a special use of that area" (Grier v 35-63 Realty, Inc., 70 AD3d 772, 773; see Gibbons v City of New York, 139 AD3d at 1004-1005).
We agree with the Supreme Court's determination granting summary judgment to 109-01 Realty. There are no triable issues of fact as to whether 109-01 Realty violated a duty to the plaintiff or whether any sidewalk encroachment created by the scaffolding proximately caused the plaintiff's injuries. Indeed, the evidence 109-01 Realty submitted in support of its motion demonstrated, prima facie, that (1) it had no duty to maintain the tree well, which was owned and maintained by the City of New York, (2) did not create the allegedly dangerous condition of the uneven bricks in the tree well, (3) did not negligently repair the tree well, and (4) did not cause the condition to occur through any special use of the tree well (see id. at 1005). Furthermore, the evidence submitted on the motion demonstrated, prima facie, that the placement of the scaffolding did not block passage on the sidewalk or otherwise compel the plaintiff to step into the tree well in order to allow the woman pushing the man in the wheelchair to pass by (see Lopez v City of New York, 19 AD3d 301, 301-302; see also Bohm v Town of Brookhaven, 43 AD3d 454, 455). Moreover, the evidence submitted on the motion demonstrated, prima facie, that even if the scaffolding narrowed the usual portion of the sidewalk, this narrowing was not the proximate cause of the accident, but merely furnished the condition or occasion for the occurrence of the accident (see Wood v City of New York, 98 AD3d 845, 847; Rodriguez v Suffolk County, 305 AD2d 574, 575; see also Davis v City of New York, 281 AD2d 251). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court