Farrell v 225 Parkside, LLC (2019 NY Slip Op 05107)





Farrell v 225 Parkside, LLC


2019 NY Slip Op 05107


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-11984
 (Index No. 11016/14)

[*1]Denise Farrell, respondent, 
v
225 Parkside, LLC, etc., appellant.


Pillinger Miller Tarallo, LLP, Elmsford, NY (Stephanie L. Goldstein of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated August 22, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On June 16, 2014, the plaintiff tripped and fell in a tree well abutting the sidewalk adjacent to the building in which she resided. At the time of the accident, the building was owned by the defendant. The plaintiff commenced this action to recover damages for personal injuries, alleging, among other things, that the defendant was negligent in maintaining the subject sidewalk. After joinder of issue, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
Administrative Code of the City of New York § 7-210 places the duty to maintain a sidewalk in a reasonably safe condition on the owner of the property abutting the sidewalk, and provides for civil liability for injuries proximately caused by the failure to so maintain the sidewalk. However, the statute does not extend that duty of maintenance to City-owned tree wells or provide for civil liability for injuries occurring in City-owned tree wells (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521; Gibbons v City of New York, 139 AD3d 1004, 1004-1005). Thus, liability may be imposed on the abutting landowner in such instances only where she or he has "affirmatively created the dangerous condition, negligently made repairs to the area, [or] caused the dangerous condition to occur through a special use of that area" (Grier v 35-63 Realty, Inc., 70 AD3d 772, 773; see Leibowitz v 2555 E. 12th St. Corp., 128 AD3d 1023, 1024; Donadio v City of New York, 126 AD3d 851, 852; Morelli v Starbucks Corp., 107 AD3d 963, 964; Morales v Pozo, 90 AD3d 625).
Here, defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no duty to maintain the City-owned tree well, did not create the allegedly dangerous condition, did not negligently repair the sidewalk abutting the tree well, and did not cause the condition to occur through any special use of the tree well. In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court