Lainez v Orellana (2019 NY Slip Op 05769)





Lainez v Orellana


2019 NY Slip Op 05769


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-01545
 (Index No. 34955/10)

[*1]Ada O. Lainez, respondent, 
v
Wilson Orellana, appellant.


The Harris Law Firm, P.C., Rockville Centre, NY (Sondra I. Harris of counsel), for appellant.
Sharon L. Silver, Islandia, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated December 13, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was to compel the plaintiff to transfer her interest in the marital residence to him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to compel the plaintiff to transfer her interest in the marital residence to the defendant is granted.
The parties were married in 2000 and separated in 2011. In a 2011 settlement agreement, the defendant agreed to transfer his interest in the marital residence to the plaintiff, and the plaintiff agreed to hold the defendant harmless with respect to all mortgage payments and do everything in her power to remove his name from the mortgage. The parties were divorced in October 2012, and the judgment of divorce incorporated, but did not merge, the 2011 settlement agreement.
The plaintiff continued to live in the marital residence, neither party performed his or her obligations under the provisions of the 2011 settlement agreement relating to the marital residence, and the defendant made the monthly mortgage payments. In April 2016, the parties entered into a stipulation (hereinafter the 2016 stipulation) in an attempt to resolve the problems arising from their failure to perform under the 2011 settlement agreement. Under the terms of the 2016 stipulation, the plaintiff was obligated to pay the defendant the sum of $20,424.90 to reimburse him for the mortgage payments he had made since the 2011 settlement agreement, the defendant was obligated to execute all documents necessary to transfer his interest in the property to the plaintiff within 30 days, and the plaintiff was obligated to remove the defendant's name from the mortgage on the property within four months. The 2016 stipulation further provided that if the plaintiff, after receiving notice that she was in default, remained in default on any provision in the stipulation for more than 10 days, then she would transfer her interest in the property to the defendant, who would become the sole owner of the property.
Several months later, the defendant moved, inter alia, to compel the plaintiff to [*2]transfer her interest in the marital residence to the defendant on the ground that the plaintiff had not fulfilled her obligations under the parties' agreements. In an order dated September 12, 2016, the Supreme Court denied the motion, finding, among other things, that the defendant had failed to fulfill his obligation under the agreements to transfer his interest in the marital residence to the plaintiff, and, without that transfer, the plaintiff was in no position to refinance the mortgage. The defendant subsequently sent a deed, transfer documents, and contract of sale to the plaintiff's attorney to be held in escrow pending the reimbursement of mortgage payments to the defendant, as agreed to in the 2016 stipulation.
In May 2017, the defendant moved, inter alia, to compel the plaintiff to transfer her interest in the marital residence to the defendant pursuant to the 2016 stipulation. In support of the motion, the defendant submitted evidence that the plaintiff had failed to pay him as required under the 2016 stipulation; he sent the plaintiff notice of her default, which notice was received on April 19, 2017; and the plaintiff had not cured her default. The plaintiff opposed the motion, arguing that the defendant had not complied with his obligations under the parties' agreements inasmuch as the deed he executed transferring the property to the plaintiff was not notarized and, therefore, could not be recorded, thus preventing the plaintiff from fulfilling her obligation under the 2011 settlement agreement to refinance the property and remove the defendant's name from the mortgage. In an order dated December 13, 2017, the Supreme Court denied the defendant's motion. As relevant to this appeal, the court found that the defendant had failed to transfer his interest in the marital residence to the plaintiff inasmuch as the deed presented by the defendant was undated and not notarized. The court also found that the plaintiff had failed to reimburse the defendant for the mortgage payments he had made prior to the 2016 stipulation, but the court would not penalize the plaintiff when the defendant had failed to fulfill his obligations under the same agreement. The defendant appeals from so much of the December 13, 2017, order as denied that branch of his motion which was to compel the plaintiff to transfer her interest in the martial residence to him.
The 2011 separation agreement, which survived the judgment of divorce, and the 2016 stipulation, are contracts subject to principles of contract construction and interpretation, the terms of which are binding on the parties (see Matter of Meccico v Meccico, 76 NY2d 822, 823-824; Rainbow v Swisher, 72 NY2d 106, 109; Scheriff v Scheriff, 152 AD3d 724, 725). As with any contract, since the terms of the 2016 stipulation are clear and unambiguous, the court should give effect to the parties' intent based upon the plain meaning of the words used by the parties (see Matter of Meccico v Meccico, 76 NY2d at 824; McSherry v McSherry, 163 AD3d 650, 651; Margolis v Cohen, 153 AD3d 1390, 1392).
The 2016 stipulation provides that the plaintiff shall transfer her interest in the marital residence to the defendant if she defaults on any provision of that agreement and does not cure the default within 10 days of receiving notice of her default. The defendant submitted evidence that the plaintiff failed to reimburse him for the mortgage payments he made prior to the 2016 stipulation as required by the stipulation; the defendant gave notice of the default to the plaintiff; more than 10 days had passed since the plaintiff's receipt of notice; and the plaintiff had not cured the default. The plaintiff does not dispute that she defaulted on her agreement to reimburse the defendant. Thus, the defendant established that under the plain terms of the 2016 stipulation, the plaintiff was obligated to deed the marital residence to the defendant.
Contrary to the plaintiff's contention, neither of the parties' agreements made her performance contingent upon the defendant's performance under the agreements. To the extent that the plaintiff argues that she could not perform under the agreements until the defendant transferred his interest in the marital residence to her, the defendant's failure to timely transfer title to the plaintiff was a foreseeable event and a provision could have been made for its occurrence (see Freedman v Hason, 155 AD3d 831, 833; Matter of Rebell v Trask, 220 AD2d 594, 598), but was not. Moreover, the defendant's purported deficiencies in performance under the agreements did not prevent the plaintiff from performing her obligation to reimburse him for the mortgage payments he made prior to the 2016 stipulation.
Accordingly, the Supreme Court should have granted that branch of the defendant's [*3]motion which was to compel the plaintiff to transfer her interest in the marital residence to him.
The defendant's contention that the plaintiff has been unjustly enriched by the defendant's additional mortgage payments following the 2016 stipulation, raised for the first time on appeal, is not properly before this Court.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court