Powroznik v City of New York (2020 NY Slip Op 01655)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Powroznik v City of New York

2020 NY Slip Op 01655

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2019-03453
(Index No. 13855/11)

[*1]Josef Powroznik, respondent, 
vCity of New York, defendant, G & J Realty, LLC, appellant.

Rebore Thorpe & Pisarello, Farmingdale, NY (Michelle S. Russo of counsel), for appellant.
Melcer Newman PLLC, New York, NY (Jeffrey B. Melcer of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant G & J Realty, LLC, appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated December 7, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant G & J Realty, LLC, for summary judgment dismissing the complaint insofar as asserted against it is granted.
On December 5, 2010, the plaintiff, while walking in Brooklyn, allegedly sustained personal injuries when he stepped into a tree well and fell. Subsequently, the plaintiff commenced this action against the abutting landowner, the defendant G & J Realty, LLC (hereinafter G & J), and another defendant. G & J moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and G & J appeals.
Administrative Code of the City of New York § 7-210 places the duty to maintain a sidewalk in a reasonably safe condition on the owner of the property abutting the sidewalk, and provides for civil liability for injuries proximately caused by the failure to so maintain the sidewalk. However, the statute does not extend that duty of maintenance to City-owned tree wells or provide for civil liability for injuries occurring in City-owned tree wells (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521; Farrell v 225 Parkside, LLC, 173 AD3d 1138, 1139; Gibbons v City of New York, 139 AD3d 1004, 1004-1005). Thus, liability may be imposed on the abutting landowner for injuries caused by a dangerous condition in a tree well only where the landowner has "affirmatively created the dangerous condition, negligently made repairs to the area, [or] caused the dangerous condition to occur through a special use of that area" (Grier v 35-63 Realty, Inc., 70 AD3d 772, 773; see Farrell v 225 Parkside, LLC, 173 AD3d at 1139; Gibbons v City of New York, 139 AD3d at 1004-1005).
Here, G & J established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no duty to maintain the City-owned tree well, did not create the allegedly [*2]dangerous condition, did not negligently repair the sidewalk abutting the tree well, and did not cause the condition to occur through any special use of the tree well. In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted G & J's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court