Ivry v City of New York (2022 NY Slip Op 04157)

Ivry v City of New York

2022 NY Slip Op 04157

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-14158
 (Index No. 501619/15)

[*1]Sterna Ivry, respondent, 
v
City of New York, et al., defendants, Board of Managers of 866 Eastern Parkway, et al., appellants.

Milber, Makris, Plousadis & Seiden, LLP, White Plains, NY (Danielle L. Rizzo of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Board of Managers of 866 Eastern Parkway and 866 Eastern Parkway Corp. appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated November 8, 2019. The order denied the motion of the defendants Board of Managers of 866 Eastern Parkway and 866 Eastern Parkway Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Board of Managers of 866 Eastern Parkway and 866 Eastern Parkway Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
On November 19, 2013, the plaintiff allegedly was injured when she tripped and fell on a raised Belgian block in a tree well which abutted a building owned by the defendant 866 Eastern Parkway Corp. and managed by the defendant Board of Managers of 866 Eastern Parkway (hereinafter together the defendants). The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendants, among others. After discovery, the defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion, and the defendants appeal.
Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521; Iskhakbayev v Casol Realty, LLC, 183 AD3d 706, 707). However, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (Vucetovic v Epsom Downs, Inc., 10 NY3d at 521; see Powroznik v City of New York, 181 AD3d 735, 735-736; Barrios v City of New York, 172 AD3d 668, 669; Newkirk v City of New York, 129 AD3d 685, 686). Thus, "liability may be imposed on the abutting landowner in such instances only where she or he has 'affirmatively created the dangerous condition, negligently made repairs to the area, [or] caused the dangerous condition to occur through a special use of that area'" (Farrell v 225 Parkside, LLC, 173 AD3d 1138, 1139, quoting Grier v 35-63 Realty, Inc., 70 AD3d 772, 773).
Here, the defendants established their prima facie entitlement to judgment as a matter [*2]of law dismissing the complaint and all cross claims insofar as asserted against them by demonstrating that they had no duty to maintain the City-owned tree well where the accident occurred, did not create the allegedly dangerous condition that caused the plaintiff to fall, and did not cause the condition to occur through any special use of the tree well (see Powroznik v City of New York, 181 AD3d at 736; Farrell v 225 Parkside, LLC, 173 AD3d at 1139; Chulpayeva v 109-01 Realty Co., LLC, 170 AD3d 798, 799; Gibbons v City of New York, 139 AD3d 1004, 1005). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court