Kalnit v 141 E. 88th St., LLC (2022 NY Slip Op 06552)

Kalnit v 141 E. 88th St., LLC

2022 NY Slip Op 06552

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt, Higgitt, JJ. 

Index No. 155832/18, 595014/20, 595227/20 Appeal No. 16679 Case No. 2021-02634 

[*1]Charlotte Kalnit, Plaintiff-Respondent,
v
141 East 88th Street, LLC, Defendant, Philip House Condominium et al., Defendants-Respondents-Appellants, DJM NYC LLC, Defendant-Appellant-Respondent.
DJM NYC LLC, Third-Party Plaintiff-Appellant-Respondent,
v
The City of New York et al., Third-Party Defendants.
Rock Group NY Corp., Second Third-Party Plaintiff-Respondent- Appellant,
v
MAGA Contracting Corp., Second Third-Party Defendant.

McMahon Martine & Gallagher, LLP, Brooklyn (Andrew D. Showers of counsel), for appellant-respondent.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for Philip House Condominium, respondent-appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Lisa Fleischmann of counsel), for Rock Group NY Corp., respondent-appellant.
Weiss & Rosenbloom, P.C., New York (Andrea R. Krugman of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered June 22, 2021, which, to the extent appealed from, denied defendants Philip House Condominium's, Rock Group NY Corp.'s, and DJM NYC LLC's motions for summary judgment dismissing the amended complaint against them and denied Philip House's motion for summary judgment on its cross claim for contractual indemnification against DJM, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
The record established as a matter of law that the sidewalk shed was not a proximate cause of plaintiff's injuries. Plaintiff testified that the support pole for the sidewalk shed was placed in the middle of the sidewalk, dividing the area into two paths that were three feet wide on each side, and that she and her husband elected to walk side-by-side on the path to the left nearest the tree well. Plaintiff stated that her husband "nudged" her to the left, and her foot touched the edge of the tree well, which was not level with the sidewalk, causing her to fall. This testimony established that the placement of the sidewalk shed support pole did not compel plaintiff to step into the tree well to proceed forward, but that its placement merely facilitated the accident or furnished the occasion for it (see Wood v City of New York, 98 AD3d 845, 847 [1st Dept 2012]; see also Chulpayeva v 109-01 Realty Co., LLC, 170 AD3d 798, 799 [2d Dept 2019]).
The affidavit of plaintiff's expert concerning violations of the Building Code was insufficient to raise a triable issue of fact because, at the time the expert visited the scene, the configuration of the support poles and the sidewalk shed had changed. His opinion concerning violations of the Building Code was speculative and unsupported by any evidentiary foundation (see Vitucci v Durst Pyramid LLC, 205 AD3d 441, 442-443 [1st Dept 2022]). In any event, the violations the expert cited did not proximately cause the accident (see Igbodudu-Edwards v Board of Mgrs. of the Parkchester N. Condominium, Inc., 105 AD3d 448, 449 [1st Dept 2013]).
Philip House is entitled to summary judgment on its cross claim for contractual indemnification against DJM. Article 13.01 of the parties' agreement required DJM to "indemnify, defend, reimburse and hold harmless [Philip House] from and against any and all loss, cost, damage, demand, claim, cause of action, penalty, injury (including death), liability and/or expense paid or incurred by [Philip House], or asserted against [it] (including reasonable attorneys' fees, court costs and disbursements) caused by, arising directly or indirectly out of, or resulting from or related to, in whole or in part" DJM's work. Plaintiff's claim arose at least in part from DJM's work. There is no evidence that Philip House's negligence contributed to the accident and, by the provision's plain terms, DJM's duty to indemnify was triggered regardless of DJM's negligence (see [*2]Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 418 [1st Dept 2021]). Although the complaint is dismissed against Philip House, DMJ is still required to indemnify for attorneys' fees and costs.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022