Marcano v City of New York (2024 NY Slip Op 00901)

Marcano v City of New York

2024 NY Slip Op 00901

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-01898
 (Index No. 12207/15)

[*1]Ashley Marcano, etc., et al., appellants, 
v
City of New York, defendant, 67 Road Housing Corporation, respondent (and a third-party action).

Finz & Finz, P.C., Mineola, NY (Stuart L. Finz, Todd Rubin, and Benjamin P. Jacobs of counsel), for appellants.
Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Ashley N. Guarino], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 20, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant 67 Road Housing Corporation which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The infant plaintiff allegedly sustained injuries when she fell off her scooter within a cobblestoned area in front of a building owned by the defendant 67 Road Housing Corporation (hereinafter the defendant). The cobblestoned area contained a tree at one end and a parking signpost at the other and was not level with the abutting sidewalk flag. The infant plaintiff and her father, suing derivatively, commenced this action against the City of New York and the defendant, inter alia, to recover damages for personal injuries allegedly sustained by the infant plaintiff as a result of her fall. After discovery, the defendant moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs opposed. In an order entered November 20, 2019, the Supreme Court, inter alia, granted that branch of the defendant's motion. The plaintiffs appeal.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner" (Ivry v City of New York, 206 AD3d 980, 981; see Gibbons v City of New York, 139 AD3d 1004, 1004). "However, 'section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells'" (Ivry v City of New York, 206 AD3d at 981, quoting Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521). "Thus, liability may be imposed on the abutting landowner in such instances only where she or he has affirmatively created the dangerous condition, negligently made repairs to the area, [or] caused the dangerous condition to occur through a special use of that area" (Ivry v City of New York, 206 AD3d at 981 [internal quotation marks omitted]; see Gibbons v City of New York, 139 AD3d at 1004-1005).
Here, the defendant demonstrated, prima facie, that the infant plaintiff fell due to a condition in a tree well that it had no duty to maintain, and that it did not create the alleged dangerous condition that caused the infant plaintiff to fall, negligently make repairs to the area, or cause the condition to occur through any special use of the tree well (see Ivry v City of New York, 206 AD3d at 981; Newkirk v City of New York, 129 AD3d 685, 686; Vellios v Green Apple, 84 AD3d 1356, 1356). Contrary to the plaintiffs' contention, under the circumstances of this case, evidence of the defendant's post-accident repairs did not raise a triable issue of fact as to whether the defendant had a duty to maintain the tree well or controlled the subject area at the time of the alleged accident (cf. Yanovskiy v Tim's Diagnostic's Auto Ctr., 170 AD3d 1089, 1090). In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., MILLER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court